FILED - USDC -NH
2023 MAY 9 AM 10:59

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:22-cr-116-JL |
| | ) |
| JOSHUA PINCOSKE | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, Acting Under Authority Conferred by 28 U.S.C. § 515, and the defendant, Joshua Pincoske, and the defendant's attorney, Behzad Mirhashem, Esquire, enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to plead guilty to Counts 6 and 13 of the Indictment that charge him with production of child pornography, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement. The United States also agrees to move to dismiss the remaining Counts of the Indictment when the defendant is sentenced.

2. The Statutes and Elements of the Offenses.

### Count 6

Title 18, United States Code, Section 2252(a) provides, in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, . . . any sexually

- 1 -

> explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

The defendant understands that this offense in Count 6 has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that Minor Girl 1 was under the age of eighteen;
> Second, that the defendant employed, used, persuaded, induced, enticed, or coerced Minor Girl 1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and
> Third, that the visual depiction was actually transported in interstate commerce or that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce.

3 *Modern Federal Jury Instructions* – Criminal Instruction 62-2 (2022).

### Count 13

Title 18, United States Code, Section 2252(a)(4)(B) provides, in pertinent part:

> Any person who – knowingly possesses . . . 1 or more . . . matter[s] which contain any visual depiction that has been . . . shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or shipped or transported, by any means including by computer, if – (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

The defendant understands that this offense in Count 13 has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the defendant knowingly possessed a visual depiction;
> Second, that the visual depiction was transported in interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

> Third, that the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, and portrays that minor engage in that conduct; and,
>
> Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

3 *Modern Federal Jury Instructions* – Criminal Instruction 62-12 (2022).

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

On the morning of October 4, 2019, defendant Pincoske engaged in sexual activity with Minor Female 1 in the master bedroom of his home, located at 38 North Spring Street, in Concord, New Hampshire. Defendant Pincoske knew that Minor Female 1 was only 15 years old at the time of the sexual activity. During the sexual activity, defendant Pincoske created videos and images of Minor Female 1 participating in the sexual activity with his Samsung S8 cellular phone. These videos and images depict Minor Female 1 nude, with Pincoske's penis inserted into her vagina, and Pincoske engaging in oral sex with Minor Female 1.

On February 2, 2022, law enforcement executed search warrants authorizing the search of defendant Pincoske's residence, his vehicle, and his person. During those search warrants, law enforcement seized a number of electronic devices, including Pincoske's Samsung S8 cellular phone and his Samsung S21 cellular phone. Examinations of the contents of those cellular phones revealed numerous visual depictions of minor females engaged in sexually explicit conduct. Those include dozens of images and videos of Minor Female 1 engaged in sexually explicit conduct with Pincoske, including vaginal intercourse between Minor Female 1 and

Pincoske, oral contact between Minor Female 1's mouth and Pincoske's penis, Minor Female 1 holding Pincoske's penis in her hand, and Pincoske's hand manipulating Minor Female 1's labia and penetrating her vagina. Also located on Pincoske's cellular devices were dozens of images and videos of Minor Female 2 engaged in sexually explicit conduct, including oral contact between Minor Female 2's mouth and Pincoske's penis, and Minor Female 2 being vaginally penetrated with the handle of an electric hair trimmer. Pincoske produced these images during a sexual encounter with Minor Female 2 that occurred in Massachusetts on November 12, 2021.

The markings on the Samsung S8 cellular phone indicate it was manufactured in Vietnam. The markings on the Samsung S21 cellular phone indicate it was manufactured in Korea.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense in Count 6 are:

A.  A maximum prison term of 30 years (18 U.S.C. § 2251(e));

B.  A mandatory minimum prison term of 15 years (18 U.S.C. § 2251(e));

C.  A maximum fine of $250,000 (18 U.S.C. § 3571);

D.  A term of supervised release of at least 5 years (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

E.  A mandatory special assessment of $100, as to each count, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

F.  An additional assessment of $5,000 (18 U.S.C. § 3014(a)), if found to be non-indigent;

G.  An additional assessment of not more than $50,000 (18 U.S.C. § 2259A(a)(3)), if

found to be non-indigent;

The defendant understands that the penalties for the offense in Count 13 are:

A.  A maximum prison term of 10 years (18 U.S.C. § 2252(b)(2));

B.  A maximum fine of $250,000 (18 U.S.C. § 3571);

C.  A term of supervised release of at least 5 years (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D.  A mandatory special assessment of $100, as to each count, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

E.  An additional assessment of $5,000 (18 U.S.C. § 3014(a)), if found to be non-indigent;

F.  An additional assessment of not more than $17,000 (18 U.S.C. § 2259A(a)(1)), if found to be non-indigent;

The defendant understands that the Court has discretion to impose either concurrent or consecutive terms of imprisonment as to Counts 6 and 13 (18 U.S.C. § 3584).

In addition to the other penalties provided by law, the Court must order the defendant to pay restitution to the victims of the offenses (18 U.S.C. § 2259). The defendant agrees to pay restitution in some amount to identified children depicted in images of child sexual abuse he produced and/or possessed, who make requests for restitution to the government, including but not limited to "Minor Girl 1," "Minor Girl 2," and "FJ3." The defendant understands that the minimum amount of restitution pursuant to 18 U.S.C. § 2259 is $3,000 per victim, and that the exact amount of restitution for each victim will be determined by the Court at the time of sentencing.

The defendant also agrees pursuant to 18 U.S.C. § 3663(a)(3) to pay restitution to "FJ1," "FJ2," "FJ5," and "FJ10" in an amount the Court finds appropriate pursuant to 18 U.S.C. § 3663(b).

To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation. The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

Upon demand, the defendant shall furnish the United States Attorney's Office a personal financial statement and supporting documents relevant to the ability to satisfy any fine or restitution that may be imposed in this case. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the court.

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

- A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

- B. Respond to questions from the Court;

- C. Correct any inaccuracies in the pre-sentence report;

- D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

- A. The appropriate term of imprisonment the Court should impose is not less than 240 months, and not more than 360 months.

- B. The appropriate term of supervised release the Court should impose is 10 years.

The parties intend the above stipulation to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word "binding" the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty pleas.

The parties agree that the defendant's condition of supervised release that restricts victim contact will include not only "Minor Girl 1," and "Minor Girl 2," but also "FJ1," "FJ2," "FJ3," "FJ5," and "FJ10."

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

The defendant understands and agrees that the United States may argue that certain sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The defendant agrees that, prior to sentencing in this matter, a deposit will be made on his behalf with the Clerk of Court of a sum of not less than $10,000.  In exchange for this deposit of $10,000 with the Clerk of Court, the government agrees not to pursue the civil or criminal forfeiture of the real property located at 38 North Spring Street.  The parties agree that the $10,000 deposit will first be used to pay any restitution judgment ordered by the Court; thereafter $200 shall be used to pay special assessment mandated by 18 U.S.C. § 3013; the remaining balance used to pay any special assessment ordered pursuant to 18 U.S.C. §§ 2259A and/or 3014(a) or any fine imposed.  In the event that funds remain on deposit with the Clerk of Court after the satisfaction of all outstanding court-ordered financial obligations (including restitution, assessments, and fines), the remaining funds will be returned to the depositor.

The defendant agrees that all electronic devices and data storage seized from him and from his property on February 2, 2022 by law enforcement, or provided to law enforcement by

his attorney, either contain contraband or were property that facilitated the commission of the offenses for which he is pleading guilty. The defendant therefore consents to the destruction of these devices by law enforcement.

7. <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

- A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

- B. Challenges the United States' offer of proof at any time after the plea is entered;

- C. Denies involvement in the offense;

- D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

- E. Fails to give complete and accurate information about his financial status to the Probation Office;

- F. Obstructs or attempts to obstruct justice, prior to sentencing;

- G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

- H. Fails to appear in court as required;

- I. After signing this Plea Agreement, engages in additional criminal conduct; or

J.  Attempts to withdraw his guilty plea, except as allowed by Fed. R. Crim. P. 11(c)(3)(A).

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A.  To plead not guilty or to maintain that plea if it has already been made;

B.  To be tried by a jury and, at that trial, to the assistance of counsel;

C.  To confront and cross-examine witnesses;

D.  Not to be compelled to provide testimony that may incriminate him; and

E.  To use compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state, or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency

involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  He understands that he will be required to keep his registration current, notify the state sex offender registration agency or agencies of any changes in his name, place of residence, employment, or student status, or other relevant information.  The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

12. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire and the District of Vermont arising from his participation in the conduct that forms the basis of the indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement,

fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. <u>Waivers</u>.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of Vermont, or an Assistant United States Attorney.

16. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

**[Continued on Next Page]**

NIKOLAS P. KEREST
United States Attorney
District of Vermont
Acting Under Authority Conferred by
28 U.S.C. § 515

Date: 5/8/23                By: _____
                                Jonathan A. Ophardt
                                Assistant United States Attorney
                                District of Vermont
                                11 Elmwood, 3rd Floor
                                Burlington, Vermont, 05451
                                Jon.Ophardt@usdoj.gov

The defendant, Joshua Pincoske, certifies that he has read this 16-page Plea Agreement and that he fully understands and accepts its terms.

Date: 4/28/23               _____
                            Joshua Pincoske, Defendant

I have read and explained this 16-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 4/28/23               _____
                            Behzad Mirhashem, Esquire
                            Attorney for Joshua Pincoske

- 16 -